UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
DEYANA SADE JEMMOTT,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:21-CV-02120-FB

Appearances:

*For the Plaintiff*:
DANIEL F. GILPIN
Arnold & Porter Kaye Scholer LLP
250 West 55th St.
New York, NY 10019

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
By: JOHN C. FISCHER
Special Assistant United States
Attorney (Of Counsel)
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Deyana Sade Jemmott ("Jemmott") appeals the Commissioner of Social
Security's ("Commissioner") final decision denying her application for Social
Security disability benefits. Both Jemmott and the Commissioner move for judgment
on the pleadings.  For the following reasons, Jemmott's motion is granted, the

Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

## I.

Jemmott applied for disability insurance benefits in January 2018. She alleged disability as of January 28, 2016, due to a learning disability and depressive disorder. She has never worked. An administrative law judge ("ALJ") held hearings on August 13, 2019 and January 14, 2020 at which Jemmott testified about her conditions. Following the hearings, the ALJ found that Jemmott was not disabled because she retained the residual functional capacity ("RFC") to perform a full range of work with several non-exertional limitations. The Appeals Council denied review on February 24, 2021. Thus, the ALJ's decision became the final decision of the Commissioner and this appeal followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

2

After March 27, 2017, the treating physician's medical opinion is no longer presumptively given controlling weight. 20 C.F.R. §§ 404.1520c(a). Rather, the persuasiveness of each medical source is evaluated according to several factors: supportability, consistency, relationship with claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c). Supportability and consistency are the most important. 20 C.F.R. §§ 404.1520c(a). The ALJ must articulate these considerations, including the persuasiveness of each source. *Id.*

### III.

Remand is warranted because in making her finding, the ALJ failed to properly credit the opinion of Jemmott's treating physician, Dr. Carlos Tejera, M.D ("Dr. Tejera"), and impermissibly cherry-picked from the record. Therefore, the ALJ's finding was not supported by substantial evidence and fails to meet the standard required by 42 U.S.C. § 405(g).

Dr. Tejera treated Jemmott for depression monthly for two years. He opined that Jemmott had marked or extreme limitations in several areas. Dr. Tejera based his opinion on his own treatment of Jemmott, as well as on his review of the treatment notes of Jemmott's therapist, who treated Jemmott three times monthly for two years. However, the ALJ found Dr. Tejera's opinion "not persuasive." A.R. 21. With this conclusion, the ALJ plainly failed to analyze Dr. Tejera's opinion using the factors required by 20 C.F.R. §§ 404.1520c(c). The ALJ based her decision on

3

the fact that Jemmott can perform some basic tasks, such as self-grooming, taking the subway alone, and attending GED classes. However, a comprehensive reading of the record contradicts this conclusion. Jemmott requires step-by-step instructions to be provided to her before taking the subway and has failed the GED multiple times. The ALJ's failure to properly credit Dr. Tejera's opinion was legal error and warrants remand.

In addition, the ALJ improperly substituted her lay opinion for that of medical sources by cherry-picking from the record. *See Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) (stating that an ALJ who makes an RFC determination that is unsupported by substantial evidence has improperly substituted his own opinion for that of a physician); *see also Balsamo v. Chater*, 142 F. 3d 75, 81 (2d Cir. 1998) (holding that an ALJ may not substitute his or her judgment for a competent medical opinion). After struggling in school, Jemmott underwent psychological testing in 2013, which included administration of the Weschsler Adult Intelligence Scale-Fourth Edition assessment, an IQ test. She scored in the "Extremely Low range of intellectual functioning as measured by her full scale IQ." A.R. 394. Jemmott's "thinking and reasoning abilities exceed those of approximately 1% of peers her age." *Id*. In 2016, Jemmott was administered another intelligence test. Her scores then were largely consistent with those of the 2013 test,

4

and the doctors who administered the test noted that her "adaptive function is significantly below what would be expected for her chronological age." A.R. 347.

Yet, despite these test results and the extensive treatment notes of Dr. Tejera, as well as Jemmott's corroborating testimony, the ALJ requested that a new IQ test be administered. Jemmott scored marginally higher on this test than on her 2013 and 2016 test, and the ALJ opted to credit this test result over the other conflicting evidence. This was improper. "[The ALJ] cannot pick and choose evidence that supports a particular conclusion." *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) (internal citation omitted). Instead of crediting the extensive evidence of Jemmott's intellectual disability, the ALJ cherry-picked to come to her preferred conclusion which was not supported by substantial evidence.

## IV.

For the foregoing reasons, Jemmott's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

       /S/ Frederic Block
       FREDERIC BLOCK
       Senior United States District Judge

Brooklyn, New York
July 21, 2022